IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE GREGORIO DE LA ROSA JIMENEZ,

     Petitioner,

v.                                        No. 2:26-cv-00545-KG-DLM

DORA CASTRO, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Jose Gregorio De La Rosa Jimenez's Petition for a Writ of Habeas Corpus, Doc. 1, which was filed by Nicole Kelly Lupe on his behalf, and the Government's Response, Doc. 6. For the reasons below, the Court grants the petition.

### I.    *Background*

Mr. De La Rosa Jimenez, a citizen of Venezuela, entered the United States in 2023 without inspection. Doc. 6 at 1. He works at a barber shop in El Paso, Texas, and is married to Nicole Kelly Lupe, an active-duty service member. *See id.*; Doc. 1 at 1. Because of Mr. De La Rosa Jimenez's detention, Ms. Lupe does not have anyone to care for her 5-year-old son and has missed a deployment. Doc. 6 at 6.

On January 8, 2026, Immigration and Customs Enforcement ("ICE") arrested Mr. De La Rosa Jimenez. Doc. 1 at 6. He remains detained at the Otero County Processing Center in New Mexico. *Id.* He argues that his detention violates the Due Process Clause of the Fifth Amendment. *Id.* While the Government opposes the motion, it acknowledges that the facts of this case are "substantially similar" to those in *Patel v. Noem*, 2026 WL 103163 (D.N.M), where this Court granted relief. Doc. 6 at 2–3.

## II.      Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.      Analysis

For the reasons below, the Court concludes that (A) 8 U.S.C. § 1226 governs Mr. De La Rosa Jimenez's detention, (B) the detention violates his right to due process, and (C) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.      Section 1226 governs Mr. De La Rosa Jimenez's detention.

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Id.*

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court concludes that § 1226 governs here.  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges

across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.).  Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States."  In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis added).  Noncitizens "seeking admission" are those who have not "effected an entry" into the United States.  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Noncitizens "who entered the country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than § 1225(b)(2)(A).  *Pu Sacvin*, 2025 WL 3187432, at *3.  The Court acknowledges the recent Fifth Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission."  *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.).  The Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Mr. De La Rosa Jimenez's detention.  ICE arrested him three years after his initial entry into the United States and did not apprehend him at the border.  Accordingly, § 1225's mandatory detention provision does not apply because Mr. De La Rosa Jimenez effected an entry into the United States by living here for years.  As the Government concedes, the facts of this case are "substantially similar" to those in *Patel*, 2026 WL 103163, where this Court granted relief.  Doc. 6 at 2.

       **B.      Mr. De La Rosa Jimenez's detention violates his right to due process.**

Courts analyze due process claims in two steps: first, whether there exists "a protected liberty interest under the Due Process Clause," and second, whether the procedures used to deprive that interest "accord with the Constitution."  *Domingo v. Castro*, 2025 WL 2941217, at *3 (D.N.M.).  Here, Mr. De La Rosa Jimenez has a protected liberty interest.  By living in the United States, noncitizens acquire "a protectable liberty interest in remaining out of custody."

3

*Danierov*, 2026 WL 45288, at \*2.  Mr. De La Rosa Jimenez's freedom allowed "him to do a wide range of things," including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

Mr. De La Rosa Jimenez was also entitled to procedural safeguards before he was detained.  In determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  To start, Mr. De La Rosa Jimenez's private interest in remaining free from detention is substantial.  "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  There is also a significant risk of erroneous deprivation.  Courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before revoking a noncitizen's freedom.  *Danierov*, 2026 WL 45288, at \*2.  Mr. De La Rosa Jimenez was detained after three years in the United States.  No assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest.  Finally, the Government's interest in detaining Mr. De La Rosa Jimenez without a hearing is limited, and the administrative burden of providing a bond hearing is minimal.  *See Danierov*, 2026 WL 45288, at \*2 (the "cost of providing a bond determination is not terribly burdensome").

4

     **C.**      ***The remedy is a bond hearing where the Government bears the burden of proof.***

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Mr. De La Rosa Jimenez is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Mr. De La Rosa Jimenez's "unlawful detention in violation of his constitutional rights shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

**IV.**     ***Conclusion***

The Court therefore grants Mr. De La Rosa Jimenez's petition, Doc. 1. The Court directs the Government to provide Mr. De La Rosa Jimenez with a bond hearing under § 1226(a) before an immigration judge within seven days of this Order. At that hearing, the Government must justify Mr. De La Rosa Jimenez's detention by clear and convincing evidence. If the Government fails to do so, it must release him. The Court also orders the Government to file a status report within ten days of this Order confirming that it has provided Mr. De La Rosa Jimenez with a bond hearing or released him.

     IT IS SO ORDERED

                              /s/Kenneth J. Gonzales_____
                              CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.